**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

JOHN HARRY STEELE,                                 :
AIS 284155,
                                                   :

         Petitioner,                               :

                                                   :

vs.                                                        CA 16-0006-KD-C

                                                   :

WILLIE THOMAS,                                     :

                                                   :

         Respondent.

**ORDER**

This action is before the Court on a complaint for habeas corpus relief filed by

petitioner John Harry Steele pursuant to 28 U.S.C. § 2254. After a review of the form

complaint filed in this Court on January 5, 2016 (Doc. 1), and the answer filed by the

respondent on March 22, 2016 (Doc. 7), it is determined that petitioner should be given

an opportunity to respond to the defense raised in the answer, namely, that this Court is

procedurally barred from reaching the merits of the claims he raises in his petition. (*See*

Doc. 7, at 8-14.)

A.       **Procedural Default Defense.**

Respondent alleges that all the claims raised in the complaint for habeas corpus

review—namely, (1) ineffective assistance of trial counsel on account of counsel's (a)

failure to object to the testimony of Steele's wife on the basis of spousal privilege, (b)

failure to advise Steele's wife that she could not be compelled to testify against her

husband on the basis of the spousal privilege, and (c) failure to call the toxicologist as

an expert witness;[1]  and (2) the State's evidence was insufficient to sustain Steele's

murder conviction—are barred from review in this Court by the doctrine of procedural

default. This order is purposely designed: (1) to not only give petitioner an opportunity

to respond to the procedural default defense, but also to set a reasonable schedule for

receiving his response; (2) to identify the specific claims to which the defense applies;

(3) to give the petitioner a brief explanation of the controlling legal standards; (4) to

require responses to specific interrogatories drafted by the Court in an attempt to obtain

the reasons for the defaults and the specific prejudice suffered as a result of the specific

constitutional errors subject to default; and (5) to warn the petitioner that his failure to

comply with the order could constitute a waiver of the opportunity to demonstrate that

either of the exceptions to the procedural default doctrine are applicable.

     1.    **<u>Claims Subject to Procedural Default.</u>**

The respondent appears to contend that none of the claims raised by Steele in the

instant habeas corpus petition were properly exhausted in the state courts of Alabama.

(*See* Doc. 7, at 9-13.) It does appear to the undersigned that petitioner did not properly

exhaust these issues in the state courts of Alabama as required by 28 U.S.C. § 2254(b)(1)

and (c), *see Smith v. Jones,* 256 F.3d 1135, 1138 (11th Cir. 2001) ("[I]n order to exhaust

state remedies as to a federal constitutional issue a petitioner is required to file a

---

[1]    The undersigned also reads the complaint as asserting that trial counsel was (additionally) ineffective in failing to submit jury instructions to the trial court addressing voluntary intoxication and in failing to present mitigating evidence or call any witnesses on petitioner's behalf during the penalty phase. (*See* Doc. 1, at 14-15.) Presumably, it is the respondent's contention that this Court is procedurally barred from reaching the merits of these claims as well; therefore, in responding to this order petitioner should simply advise this Court why these claims of ineffective assistance of counsel are not, as well, barred from review.

petition for discretionary review in the state's highest court raising that issue, if discretionary review is part of the appellate procedure in the state, [*O'Sullivan v. Boerckel,* 526 U.S.] at 845-47, 119 S.Ct. at 1732-34."), *cert. denied*, 534 U.S. 1136, 122 S.Ct. 1081, 151 L.Ed.2d 982 (2002), and since the opportunity to exhaust them has passed, they appear to be defaulted under *O'Sullivan v. Boerckel. See McNair v. Campbell,* 416 F.3d 1291, 1302 (11th Cir. 2005) ("Habeas petitioners generally cannot raise claims in federal court if those claims were not first exhausted in state court."), *cert. denied sub nom. McNair v. Allen,* 547 U.S. 1073, 126 S.Ct. 1828, 164 L.Ed.2d 522 (2006). Therefore, petitioner must be extended an opportunity to file a response to the respondent's procedural default defense.

       **2.**       <u>**Explanation of Procedural Default Doctrine.**</u>

State prisoners seeking federal habeas corpus relief who fail to raise their federal constitutional claims in state court, or who attempt to raise them in a manner not permitted by state procedural rules, are barred from pursuing those same claims in federal court absent a showing of cause for and actual prejudice from their failure to properly raise their claims or a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 729-31, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977); *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir.), *cert denied, sub nom. Alderman v. Thomas*, 513 U.S. 1061, 115 S.Ct. 673, 130 L.Ed.2d 606 (1994). Accordingly, if respondent's assessment that the above-enumerated claims have been defaulted is found to be correct, those claims will not be considered by this Court unless petitioner "can demonstrate cause for the default and actual prejudice

as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice." *Coleman, supra*, 501 U.S. at 750, 111 S.Ct. at 2565; *Sims v. Singletary*, 155 F.3d 1297, 1311 (11th Cir. 1998), *cert. denied sub nom. Sims v. Moore*, 527 U.S. 1025, 119 S.Ct. 2373, 144 L.Ed.2d 777 (1999).

"[T]he cause standard requires the petitioner to show that 'some objective factor external to the defense impeded counsel's efforts' to raise the claim in state court." *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991) (*quoting Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)). "Once the petitioner has established cause, he must show 'actual prejudice' resulting from the errors of which he complains." *Id*. at 494, 111 S.Ct. at 1470 (*quoting United States v. Frady*, 456 U.S. 152, 168, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982)). Finally, in those "extraordinary instances" where a petitioner is able to implicate "a fundamental miscarriage of justice", i.e., that a "constitutional violation probably has caused the conviction of one innocent of the crime[,]" this Court may issue a writ of habeas corpus regardless of any procedural default. *Id*.

**3.      Interrogatories to Petitioner.**

Prior to ruling on the procedural default issues raised by the respondent, it is **ORDERED** that the petitioner answer the following interrogatories:

1.    Do you agree with respondent's position that one or more procedural defaults have occurred?

2.    If you do not agree that a default has occurred, give each and every reason for your disagreement.

4

3.    Assuming that respondent is correct that a procedural default has occurred, for each listed default, give each and every reason that caused (situation, event, or agent that produced result) the default.

4.    Assuming that respondent is correct that a procedural default has occurred, for each listed default state specifically the actual prejudice (specific harm or injury to the outcome of your case) that you suffered as a result of the constitutional violation(s). If more than one procedural default is alleged to have occurred, also state the actual prejudice you suffered as a result of the combined defaults.

5.    If you argue that you are actually innocent of the crime(s) upon which your custody is based, state your reasons.

**4.    Due Date for Response.**

The petitioner shall file his response to this order on or before **May 5, 2016**.[2] Should petitioner fail to timely file a response, such failure shall be deemed a waiver of petitioner's opportunity to demonstrate that the merits of his procedurally defaulted claims may be considered due to the existence of either the cause and prejudice or fundamental miscarriage of justice exceptions to the procedural default doctrine.

**DONE** and **ORDERED** this the 5th day of April, 2016.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

[2]     Because this order extends to petitioner "more time" to respond to the respondent's procedural default defense than set forth in petitioner's motion for enlargement of time (*see* Doc. 8, at 2 (requesting until April 25, 2016 to file a reply brief)), the undersigned finds the motion for enlargement of time **MOOT**.